IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY W., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 24 C 5520 |
| ) | |
| ) | Magistrate Judge M. David Weisman |
| LELAND DUDEK, Acting Commissioner of ) | |
| Social Security,[1] ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

    Ricky W. appeals the Commissioner's decision finding Plaintiff not disabled. For the reasons set forth below, Plaintiff's motion to reverse or remand the Commissioner's decision [11] is denied and Defendant's motion for summary judgment [14] is granted. The Acting Commissioner's decision is affirmed. Civil case terminated.

### Background

    Plaintiff protectively filed an application for Disability Insurance Benefits on June 7, 2022. (R. 14, 190-91). After denials at the initial level (R. 77) and at the reconsideration level (R. 78), Plaintiff requested a hearing before an administrative law judge (ALJ). (R. 108-09). Plaintiff and a vocational expert (VE) testified at a hearing before an ALJ on August 16, 2023. (R. 31-64). On January 31, 2024, the ALJ issued a decision finding that Plaintiff was not disabled. (R. 14-25). The Appeals Council declined Plaintiff's request for review on April 30, 2024.

    Plaintiff, who worked as a concrete truck driver from May 1998 to April 2010 and as a highway maintainer from May 2010 to February 2020, alleged disability beginning February 6, 2020, due to degenerative cervical stenosis, spinal strain, herniated and bulging discs in the neck and back, bilateral sciatica, migraines, shoulder pain, numbness and weakness in both arms and hands, and post-traumatic stress disorder (PTSD).

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek, Acting Commissioner of Social Security, is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Analysis**

"ALJs are 'subject to only the most minimal of articulation requirements'— an obligation that extends no further than grounding a decision in substantial evidence." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) (quoting *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024)). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is not the job of a reviewing court to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

The ALJ found Plaintiff had the following severe impairments: obesity, degenerative disc disease, migraines, depression, and PTSD. (R. 219.) At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of a listing. (R. 17, 19). Regarding the four broad functional areas of mental functioning that are used to rate the severity of mental impairments at steps two and three, the ALJ found that Plaintiff's mental impairments resulted in moderate limitation in concentrating, persisting, or maintaining pace and mild limitation in understanding, remembering, or applying information; interacting with others; and adapting or managing himself. (R. 17, 19.) The ALJ found that Plaintiff had the RFC to perform a range of light exertion work as defined in 20 C.F.R. § 404.1567(b) with some exceptions. (R. 19.) Regarding Plaintiff's ability to perform the mental demands of work, the ALJ concluded that Plaintiff could perform work that involved "simple routine tasks requiring no more than short, simple instructions and simple, work-related decision making, with few workplace changes." (R. 19.) At step five, the ALJ found that Plaintiff was not disabled because he could perform other work that existed in significant numbers in the national economy. (R. 24-25.)

As a first point of error, Plaintiff asserts that the ALJ's RFC failed to accommodate Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, which "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.00(1), (3). According to Plaintiff, a mental RFC limitation to "simple tasks" or "simple, routine tasks" does not account for a limitation in concentration,

2

persistence, or pace. As recently stated by the Seventh Circuit, "[w]e have repeatedly stated that an RFC does not account for CPP [concentration, persistence, and pace] limitations when it limits a claimant to certain kinds of work *without addressing the claimant's ability to sustain that work*." *Keck v. O'Malley*, No. 22-1716, 2024 WL 3935441, at *2 (7th Cir. Aug. 26, 2024) (emphasis added); *see id*. at *3 ("[W]e have repeatedly held that limiting a claimant to simple, routine, and repetitive tasks does not, by itself, encompass the durational aspects of the claimant's limitations, such as the claimant's ability to remain focused over a sustained period.") (Kirsch, J., concurring).

Consultative Examiner Boyd reported that Plaintiff "was unable to consistently focus and concentrate" during the exam. (R. 364.) Specifically, Dr. Boyd noted that Plaintiff's "[a]ttention, concentration, and short-term memory were mildly impaired with 6 digits forward, 3 digits backward, and a recall of 1 out of three objects after more than five minutes." (*Id*.) The ALJ expressly addressed Dr. Boyd's observation, noting that "[a] consultative examiner observed mildly impaired attention, concentration, and short-term memory," citing Dr. Boyd's report. (R. 21, citing Ex. 2F.) Later in the ruling, the ALJ again referred to Dr. Boyd's report, stating that

> The[se] limitations [noted by Dr. Boyd] are minimally supported by the claimant's difficulty focusing during the one-time examination and the claimant's reported difficulty responding to stress due to pain and when in crowds. These suggested limitations are also not consistent with other evidence, including the claimant's testimony that he goes to stores and out for coffee. Thus, I find the consultative examiner's opinion is not persuasive.

(R. 22) (citations omitted). The ALJ also noted the prior administrative medical findings of Howard Tin, Psy. D. and Melanie Nichols, Ph.D. who concluded that "[c]laimant has difficulty carrying out detailed instructions and maintaining attention and concentration for extended periods of time, however, the person is capable of performing simple tasks." (R. 75, 89.) While the ALJ recognized Plaintiff's limitations with respect to concentration and attention, the RFC does not account for the durational aspect of Plaintiff's limitations. This constitutes error. *See Keck*, 2024 WL 3935441, at *2. ("[T]hough the ALJ found that [the plaintiff] had moderate CPP limitations, he, like the ALJ in *Crump*, limited [the plaintiff] to certain kinds of work—simple tasks, no multitasking, and so on—without addressing whether she could do that work persistently, such as throughout a normal workday or workweek.").

The government contends, however, that any error was harmless. Plaintiff responds that "[t]he ALJ's failure to adopt corresponding mental limitations in her RFC finding . . . is not harmless error" because the occupations the ALJ relied on to support her step-five finding "may have been precluded if she had adopted corresponding limitations in concentration, persistence, and pace." (Pl.'s Reply, Dkt. # 16, at 7-8.) Notably, however, Plaintiff fails to identify what those limitations should have been. *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) (stating that plaintiff must "explain how the RFC determination should have been different"); *see also Jozefyk v. Berryhi*ll, 923 F.3d 492, 498 (7th Cir. 2019) (finding that, even if the ALJ's mental RFC assessment had contained flaws, any error was harmless, as the claimant failed to "hypothesize[ ]" the kinds of work restrictions that would have addressed their limitations in concentration, persistence, or pace). Accordingly, because the error was harmless, remand is not appropriate.

3

Plaintiff next argues that the ALJ erred when she failed to provide evidence of other work that exists in significant numbers in the national economy that Plaintiff could perform. The VE cited three jobs that Plaintiff could perform based on his RFC: sales attendant; housekeeping, cleaner; and marker. (R. 24, 58-59.) As to both marker and sales attendant, Plaintiff contends that the limitations articulated in his RFC preclude him from being able to perform these jobs. For example, a marker requires a reasoning level of two, which means that an individual can "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." Dictionary of Occupational Title ("DOT"), App. C, https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOTAPPC. The occupation of sales attendant calls for a reasoning level of three, DOT § 209.677-101, which requires that the individual "'[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form' and '[d]eal with problems involving several concrete variables in or from standardized situations.'" DOT, App. C, https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOTAPPC. According to Plaintiff, "due to the limitation on the length of instructions that [he] could perform, there was . . . an apparent conflict" between the VE's testimony that he could perform these jobs and the requirements of those jobs. (Pl.'s Reply, Dkt. # 16, at 8.) Thus, Plaintiff argues, remand is required because Plaintiff "could not perform two of three occupations relied upon by the ALJ to support her step five finding, [so] the Agency failed to satisfy its evidentiary burden at step five." (*Id.* at 10.)

Even assuming Plaintiff is correct,[2] the VE identified 193,000 housekeeping, cleaner positions in the national economy. Plaintiff does not contend that housekeeper, cleaner does not exist in significant numbers in the economy, and any such argument would be unavailing given that the Seventh Circuit has stated that the housekeeping, cleaner position exists in significant numbers. *Sok v. Kijakazi*, No. 21-3039, 2022 WL 17413558, at *2 (7th Cir. Dec. 5, 2022) ("Sok cannot credibly argue that jobs such as cafeteria attendant or housekeeper do not 'exist in significant numbers in the national economy.'"). Accordingly, Plaintiff's argument that remand is required because the ALJ failed to satisfy the evidentiary burden at step five fails, and the Court need not address Plaintiff's remaining step-five arguments.

**Date**: April 23, 2025

                           *M. David Weisman*
                           **M. David Weisman**
                           **United States Magistrate Judge**

---

[2] The Court notes that the Seventh Circuit has stated in a non-precedential disposition that "even workers who are markedly limited in their ability to understand, remember, and follow detailed instructions might still be able to perform jobs requiring level 3 reasoning development." *Sawyer v. Colvin*, 512 Fed. Appx. 603, 611 (7th Cir. 2013).